KIRBY AISNER & CURLEY LLP
*Proposed Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com
Jessica M. Hill, Esq.
jhill@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

BLACKRIDGE CONSTRUCTION, LLC,

      Debtor.
------------------------------------------------------------X

Chapter 11
Case No. 23-22739 (SHL)
Subchapter V

## DECLARATION OF JAMES C. CARROLL
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

JAMES C. CARROLL, hereby declares under penalties of perjury:

I am the President, majority and managing member of Blackridge Construction, LLC, the above-referenced debtor and debtor-in-possession (the "Debtor"). As such, I am fully familiar with the Debtor's assets and liabilities, legal and financial affairs.

I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 and 9077-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York and in support of the Debtor's motions and applications (as discussed below).

Part I of this Declaration describes the Debtor's businesses and circumstances leading to the commencement of the Chapter 11 case. Part II provides information required by Local Bankruptcy Rule 1007-2. Part III provides relevant facts in support of the Debtor's First Day Motions (defined herein).

I. **Part I**

**BACKGROUND**

1. Established in 2005, the Debtor is a family owned and operated trucking and hauling corporation. Personally, I have over twenty-five years of experience in the construction industry. The Debtor assists general and sub-contractors in the New York area with their construction needs, moving construction debris or materials from one location to another, which includes items that are too large or cumbersome to fit on standard flatbed trucks (including heavy equipment, wide loads, and oversized freight).

2. The Debtor employs two (2) people in its office, two (2) people as mechanics in its garage, and approximately ten (10) to fifteen (15) people as drivers, depending on the volume of work at any given time. The drivers are all members of either Teamsters Local 282 or Teamsters Local 456 labor unions.

3. The Debtor's Chapter 11 case was precipitated by the reduction of income caused by the COVID-19 Pandemic and the subsequent consequences of that, including: (i) litigation filed against the Debtor by one of its prior landlords and a number of its secured and unsecured creditors; (ii) the increasing arrears owed on its various union memberships and taxing authorities; and (iii) the need to restructure its debts to an affordable repayment plan.

4. For many years the Debtor has operated its business out of locations in the Bronx and Westchester. In the Bronx, the Debtor leased two adjoining properties: 1162 Grinnell Place and 1163 Leggett Avenue, Bronx, New York (the "Bronx Premises"). Unfortunately, the Debtor fell behind in its monthly rental payments to its landlord, ST 1 Realty LLC (the "Landlord"), and on or about May 15, 2023, a judgment of possession for the Bronx Premises was entered in favor of the Landlord, against the Debtor. The Debtor is in the process of vacating the Bronx Premises

and has secured a new business lease at 340 Tiffany Street, Bronx, New York 10474 ("Tiffany Street Premises"). The Debtor estimates that it will be fully moved out of the Bronx Premises and relocated to the Tiffany Street Premises by the end of October 2023.

5.  Additionally, the Commissioners of the State Insurance Fund, which is authorized under the Workers' Compensation Laws of New York State to administer the affairs of the New York State Insurance Fund ("NYSIF"), filed a lawsuit against the Debtor for unpaid premiums (the "NYSIF Lawsuit"). On or about December 21, 2021, a Judgment (the "NYSIF Judgment") was entered in the NYSIF Lawsuit, and thereafter, a Sheriff's Sale of the Debtor's assets was scheduled. The Debtor and NYSIF continued in negotiations regarding a settlement of the NYSIF Judgment, and while partial payments have been made, the Debtor was not able to repay the NYSIF Judgment in full. As such, NYSIF continued with the scheduling of the sale.

6.  The Debtor filed its Chapter 11 Case to preserve and protect its assets and to restructure its debts to allow the company to remain as a going concern.

## II. Part II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

7.  In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

    a. **Local Rule 1007-2(a)(1)**

The nature of the Debtor's business and a concise statement of the circumstances leading to the Debtor's filing are detailed above.

b. **Local Rule 1007-2(a)(2)**

This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

c. **Local Rule 1007-2(a)(3)**

Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

d. **Rule 1007-2(a)(4)**

A list of the names and addresses of the Debtor's 20 largest unsecured creditors, excluding those not entitled to vote at a creditors' meeting and "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed to the Petition [ECF No. 1].

e. **Local Rule 1007-2(a)(5)**

The Debtor's 5 largest secured creditors consist of: (i) TD Bank, N.A. (blanket lien); (ii) the U.S. Small Business Administration (blanket lien); (iii) the Internal Revenue Service (tax warrant); (iv) Wells Fargo Equipment Finance (vehicle/machinery liens); and (v) BMO Harris (vehicle/machinery liens).

f. **Local Rule 1007-2(a)(6)**

The Debtor does not have updated financial statements.

g. **Local Rule 1007-2(a)(7)**

There are no publicly held securities of the Debtor.

h. **Local Rule 1007-2(a)(8)**

None of the Debtor's property is in possession of a receiver or custodian.

  i. **Local Rule 1007-2(a)(9) and (10)**

The Debtor maintains several leased business locations including:

  2115 Albany Post Road, Montrose, New York 10548;

  340 Tiffany Street, Bronx, New York 10474;

  1162 Grinnell Place, Bronx, New York 10474; and

  1163 Leggett Avenue, Bronx, New York 10474.

The Debtor's books and records are maintained at these various locations. The Debtor has no assets located outside the territorial limits of the United States.

  j. **Local Rule 1007-2(a)(11)**

The following are lawsuits currently pending against the Debtor:

*Sterling E. Miller v. Duane Othniel Nash. Blackridge Construction, LLC, and CNB Contracting Corp.*, Supreme Court of the State of New York, County of Bronx, Index No. 805911/2021E; and

*Rochdale Insurance Company v. Blackridge Construction, LLC*, Supreme Court of the State of New York, County of Bronx, Index No. 23813/2016E.

  k. **Local Rule 1007-2(a)(xiii)**

The Debtor's senior management consists of:

  James C. Carroll (myself), President, 99% member; and
  Dion T. Carroll (my son), 1% member.

  l. **Local Rule 1007-2(b)(1)-(3)**

The Debtor's estimated payroll to non-insider, non-officer employees for the thirty (30) day period following the Chapter 11 petition is $7,266.00. The Debtor's estimated payroll to insider officers for the thirty (30) day period following the Chapter 11 petition is $7,040.00. The Debtor estimates that it will operate at a profit in the 30-day period following the Petition Date.

## III. Part III

### FIRST DAY MOTIONS AND APPLICATION
### FOR HEARING ON SHORTENED NOTICE

8. In connection with the filing of this Chapter 11 case, the Debtor has filed the following motions:

    a. Motion for Order Seeking Authority, on Shortened Notice, (I) to Use Cash Collateral Pursuant to Bankruptcy Code Section 363(C)(2), (II) Approving Adequate Protection Therefor, (III) Scheduling a Final Hearing; and

    b. Motion for an Order Authorizing Payment of Certain Pre-Petition Wages, Salaries, Employee Benefits and other related relief.

(collectively, the "First Day Motions").

9. The relief sought in the First Day Motions is immediately necessary to enable the Debtor to operate effectively as a debtor-in possession following the commencement of its Chapter 11 case.

10. I submit that the relief request in the First Day Motions should be heard and determined on an expedited basis in order to allow the Debtor to continue its normal business operations without any interruption in its ability to receive revenue, pay bills and pay employees, which interruption that would cripple the Debtor's ability to successfully reorganize.

11. I believe that good cause exists to shorten the notice of First Day Motions which typically requires a minimum of fourteen (14) days' notice as provided for in Federal Rule of Bankruptcy Procedure 2002.

12. I have reviewed each of the First Day Motions and Orders and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Montrose, New York
      October 11, 2023

                                        ___/s/ James C. Carroll_____
                                        James. C. Carroll, President